IN THE UNITED STATES BANKRUPTCY COURT
Middle District of Alabama

**In the Matter of**:  }
                                                  }    Case No. 13-32694

Catriana Moore }

                                                  }    Chapter 13

**Debtor(s)** }
Catriana Moore }

   Plaintiff(s) }

vs. }

ONE MAIN FINANCIAL }
Creditor }

## COMPLAINT TO VALUE COLLATERAL

The Plaintiffs, above-named, respectfully allege as follows:

1.  That this matter is a core proceeding pursuant to 28 U.S.C. Section 157, and that the court has jurisdiction pursuant to 28 U.S.A. Sections 151, 157 and 1334.

2. This Complaint was filed, pursuant to 11 U.S.C. 506, and in accordance with Bankruptcy Rule 7001, to value their residence for the purpose of determining the secured status of the mortgage claim held by ONE MAIN FINANCIAL.

3. The debtor filed Chapter 13 on October 8, 2013.

4. The Defendant, ONE MAIN FINANCIAL, is a corporation and/or a partnership with an office and principal place of business located at P.O. Box 70911 Charlotte, N.C. 28272.

5. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. Section 157 and 1334 and 11 U.S.C. Section 547.

6. The Plaintiffs own real property located at 3207 Hackberry Lane, Montgomery,AL, 36116. The legal description of the property is as follows:

        PARCEL #: 10 08 33 3 007 005.000
        OWNER: MOORE CATRIANAL
        ADDRESS: 3207 HACKBERRY LN MONTGOMERY AL 36116
        LOCATION: 3207 HACKBERRY LN MONTGOMERY AL 36116

**7. Carrington Mortgage Company** holds a first Deed of Trust on such property with a payoff balance, as of the date this case was filed in the amount of approximately $49,192.00.

8. One Main Financial holds a second Deed of Trust on such property with a payoff balance, as of the

date this case was filed in the amount of approximately **$15,600.00**.

9. The fair market value of the said property is not greater than **$42,500.00 according to the Tax records of Montgomery County, Alabama**.

10. Pursuant to 11 U.S.C. 506 of the Bankruptcy Code, the loan with ONE MAIN FINANCIAL, secured by a second Deed of Trust against the Plaintiffs' said property, is an unsecured claim. In turn, pursuant to 11 U.S.C. 506(d), the lien securing said loan is void.

**WHEREFORE**, the Plaintiffs pray the Court find that said claim held by ONE MAIN FINANCIAL, which is secured by a second Deed of Trust upon said property, to be wholly unsecured, and that said claim should therefore be classified an unsecured claim for the purpose of this Chapter 13 case. The Plaintiffs further pray that the Court order ONE MAIN FINANCIAL to cancel the said Deed of Trust forthwith upon the completion of the Plaintiffs' Chapter 13 plan and the granting of the Plaintiffs' discharge, and that the Court grant such other and further relief as to the Court seems just and proper.

Respectfully submitted,

/s/ Richard D. Shinbaum ASB-8638-B54R
*Attorney for Debtor*:
Richard D. Shinbaum ASB-8638-B54R
Shinbaum, & Campbell, P.C.
566 South Perry Street
P O Box 201
Montgomery, AL 36101
334-269-4440- Selma 334-872-4545