B 250A
(8/96)

# United States Bankruptcy Court

### Middle District Of Alabama

In re   Catriana Moore                               )
        _____ ,  )
                    Debtor                               )   Case No. 13-32694
                                                         )
        Catriana Moore                               )   Chapter 13
        _____     )
                                                         )
                    Plaintiff                              )
                                                         )
        One Main Financial                         )                14-3115DHW
        _____ ,  )   Adv. Proc. No. _____
                                                         )
                    Defendant                           )

### SUMMONS IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to file a motion or answer to the complaint which is attached to this summons with the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall file a motion or answer to the complaint within 35 days.

Address of Clerk:

> U.S. Bankruptcy Court
> Middle District of Alabama
> One Church Street
> Montgomery, AL 36104

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

Name and Address of Plaintiff's Attorney:

> Shinbaum & Campbell
> P.O. Box 201
> Montgomery, Al 36101

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

9-23-14
_____
    Date

Digitally signed by Juan-Carlos Guerrero
Date: 2014.09.24 09:35:02 -05'00'

# CERTIFICATE OF SERVICE

I, _____, certify that I am, and at all times during the
    (name)

service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made. I further certify that the service of this summons and a copy of the complaint was made

_____ by:
    (date)

NOTE: If more space is needed, note "See Attached Page" in the appropriate box and add additional addresses to 3rd page of form.

[✓] Mail Service: Regular, first class United States mail, postage fully pre-paid, addressed to:

One Main Financial
P.O. Box 70911
Charlotte, NC 28272

One Main Financial, Inc.
300 St. Paul Place
Baltimore, Md 21202  Attn. Edwin R. Bolcarcel.

[ ] Personal Service: By leaving the process with defendant or with an officer or agent of defendant at:

[ ] Residence Service: By leaving the process with the following adult at:

[ ] Certified Mail Service on an Insured Depository Institution: By sending the process by certified mail addressed to the following officer of the defendant at:

[ ] Publication: The defendant was served as follows: [Describe briefly]

[ ] State Law: The defendant was served pursuant to the laws of the State of Alabama,
as follows: [Describe briefly]                                                (name of state)

Under penalty of perjury, I declare that the foregoing is true and correct.

9/24/2014
Date

Signature: [signed]

Print Name: Richard D. Shinbaum

Business Address:
P.O. Box 201
Montgomery, AL 36101-0201

## Additional Addresses



IN THE UNITED STATES BANKRUPTCY COURT
Middle District of Alabama

| | |
|---|---|
| **In the Matter of:** | Case No. 13-32694 |
| Catriana Moore | Chapter 13 |
| **Debtor(s)** | |
| Catriana Moore | |
| Plaintiff(s) | |
| vs. | |
| ONE MAIN FINANCIAL | |
| Creditor | |

## COMPLAINT TO VALUE COLLATERAL

The Plaintiffs, above-named, respectfully allege as follows:

1. That this matter is a core proceeding pursuant to 28 U.S.C. Section 157, and that the court has jurisdiction pursuant to 28 U.S.A. Sections 151, 157 and 1334.

2. This Complaint was filed, pursuant to 11 U.S.C. 506, and in accordance with Bankruptcy Rule 7001, to value their residence for the purpose of determining the secured status of the mortgage claim held by ONE MAIN FINANCIAL.

3. The debtor filed Chapter 13 on October 8, 2013.

4. The Defendant, ONE MAIN FINANCIAL, is a corporation and/or a partnership with an office and principal place of business located at P.O. Box 70911 Charlotte, N.C. 28272.

5. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. Section 157 and 1334 and 11 U.S.C. Section 547.

6. The Plaintiffs own real property located at 3207 Hackberry Lane, Montgomery,AL, 36116. The legal description of the property is as follows:

> PARCEL #: 10 08 33 3 007 005.000
> OWNER: MOORE CATRIANAL
> ADDRESS: 3207 HACKBERRY LN MONTGOMERY AL 36116
> LOCATION: 3207 HACKBERRY LN MONTGOMERY AL 36116

7. **Carrington Mortgage Company** holds a first Deed of Trust on such property with a payoff balance, as of the date this case was filed in the amount of approximately $49,192.00.

8. One Main Financial holds a second Deed of Trust on such property with a payoff balance, as of the

date this case was filed in the amount of approximately $15,600.00.

9. The fair market value of the said property is not greater than **$42,500.00 according to the Tax records of Montgomery County, Alabama**.

10. Pursuant to 11 U.S.C. 506 of the Bankruptcy Code, the loan with ONE MAIN FINANCIAL, secured by a second Deed of Trust against the Plaintiffs' said property, is an unsecured claim. In turn, pursuant to 11 U.S.C. 506(d), the lien securing said loan is void.

**WHEREFORE**, the Plaintiffs pray the Court find that said claim held by ONE MAIN FINANCIAL, which is secured by a second Deed of Trust upon said property, to be wholly unsecured, and that said claim should therefore be classified an unsecured claim for the purpose of this Chapter 13 case. The Plaintiffs further pray that the Court order ONE MAIN FINANCIAL to cancel the said Deed of Trust forthwith upon the completion of the Plaintiffs' Chapter 13 plan and the granting of the Plaintiffs' discharge, and that the Court grant such other and further relief as to the Court seems just and proper.

Respectfully submitted,

/s/ Richard D. Shinbaum ASB-8638-B54R
*Attorney for Debtor*:
Richard D. Shinbaum ASB-8638-B54R
Shinbaum, & Campbell, P.C.
566 South Perry Street
P O Box 201
Montgomery, AL 36101
334-269-4440- Selma 334-872-4545

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** <br> Catruana Moore | **DEFENDANTS** <br> One Main Financial, Inc. |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> Richard D. Shinbaum, Shinbaum & Campbell P.O. Box 201 Montgomery, Alabama 36101-0201 | **ATTORNEYS** (If Known) <br> P.O. Box 70911 Charlotte, NC 28272-0911 |
| **PARTY** (Check One Box Only) <br> ☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor ☐ Other <br> ☐ Trustee | **PARTY** (Check One Box Only) <br> ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin <br> ☒ Creditor ☐ Other <br> ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Title 11 U.S.C. Section 506 Motion to value a lien.

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☒ [4] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought  Avoidance of a lien

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>Catriana Moore | BANKRUPTCY CASE NO.<br>13-32694 |||
| DISTRICT IN WHICH CASE IS PENDING<br>Middle District of Alabama | DIVISION OFFICE<br>Northern || NAME OF JUDGE<br>Williams |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||||
| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Richard D. Shinbaum |||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.